

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                      PLAINTIFF

VS.                                                       CAUSE NO. 1:17CV2 H50-JCG

KENNITH DONALD, TIMOTHY MALONE,
AND JOHN RICHARDSON                                                    DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Allstate Property and Casualty Insurance Company, by and through counsel, and files this its Complaint for Declaratory Judgment against the above named Defendants, and in support thereof would show unto this Honorable Court the following:

## I. PARTIES

1.

Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), is an insurance company organized under the laws of the State of Illinois, is domiciled in Illinois with its principal place of business in Illinois, and it is duly licensed in the State of Mississippi.

2.

Defendant, Kennith Donald, is an adult resident citizen of the State of Mississippi, and he may be served with process at 20085 Charred Road, Saucier, Mississippi 39574.

3.

Defendant, Timothy Malone, is an adult resident citizen of the State of Mississippi, and he may be served with process at 13376 Willow Oaks Circle, Gulfport, Mississippi 39503.

4.

Defendant, John Richardson, is an adult resident citizen of the State of Mississippi, and he may be served with process at 735 Highland Drive, Biloxi Mississippi 39532.

## II. JURISDICTION AND VENUE

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties to the action are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

Venue is proper in this Court as the action arose and accrued within the Southern District of Mississippi, and the Defendants reside and/or are located within the Southern District of Mississippi.

## III. FACTS

7.

Allstate issued an auto insurance policy designated as Policy No. 9 85 789179 03/30 to Timothy Malone (the "Allstate Policy" or the "Policy"). The effective dates of the policy are March 30, 2013, to September 30, 2013. A true and correct copy of the Policy with applicable endorsements is attached hereto as Exhibit "A", along with a true and correct copy of the declarations page pertaining to said policy.

8.

The Policy includes liability coverage, uninsured motorist coverage, and other coverages. The coverages relate to a 1996 Saturn SC1 automobile purportedly owned by Timothy Malone. The applicable limits of the automobile liability insurance coverage for bodily injury under the Allstate

Policy is $100,000 for each person and $300,000 for each accident.  The applicable limits of the automobile uninsured motorist coverage under the Allstate Policy is $100,000 for each person and $300,000 for each accident.

9.

A complaint was filed in the Circuit Court of Harrison County, Mississippi, First Judicial District, by Timothy Malone against Kennith Donald (the "Malone Complaint" or the " Malone Lawsuit").  A copy of the Malone Complaint is attached hereto as Exhibit "B", and incorporated herein by reference.  The Malone Lawsuit initially included a claim against Allstate; however, the claim against Allstate was dismissed.  A complaint was filed in the Circuit Court of Harrison County, Mississippi, First Judicial District, by John Richardson against Timothy Malone and Kennith Donald (the "Richardson Complaint" or the "Richardson lawsuit").  A copy of the Richardson Complaint is attached hereto as Exhibit "C", and incorporated herein by reference.

10.

The Malone Complaint and the Richardson Complaint allege that on September 2, 2013, Timothy Malone and John Richardson were passengers in an automobile driven by Kennith Donald in Harrison County, Mississippi.  The subject automobile was covered by the Allstate Policy.  The Malone Complaint and the Richardson Complaint additionally allege that due to the negligence of Kennith Donald, a collision occurred which caused Timothy Malone and John Richardson to incur injuries and damages.  Both Timothy Malone and John Richardson allege that they have incurred expenses for medical treatment of their injuries, lost wages, painful and permanent injuries, and mental and emotional distress.

11.

The collision which is described in the Malone Complaint and the Richardson Complaint allegedly occurred when Kennith Donald struck a tree with the front of the vehicle. The physical evidence related to the collision does not correlate to how the collision was described to have occurred.

12.

The Allstate Policy provides as follows:

**Part 1 – Automobile Liability Insurance**
**Bodily Injury Liability – Coverage AA**

**General Statement of Coverage**

If a premium is shown on the Policy Declarations for Bodily Injury Liability Coverage and Property Damage Liability Coverage, Allstate will pay damages which an insured person is legally obligated to pay because of:

1.    **bodily injury** sustained by any person, and

2.    damage to, or destruction of property.

**Exclusions – What is Not Covered**

**Allstate** will not pay for any damages an **insured person** is legally obligated to pay because of:

6.    bodily injury or property damage intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an insured person. This exclusion applies even if

    a.    an **insured person** lacks the mental capacity to control or govern his or her conduct;

    b.    an **insured person** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause **bodily injury** or property damage;

Page -4-

    c.      such **bodily injury** or property damage is of a different kind or degree than intended or reasonably expected; or

    d.      such **bodily injury** or property damage is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether an insured person is actually charged with, or convicted of, a crime.

This exclusion precludes coverage for any insured person under the policy regardless of whether the person seeking coverage participated in any way in the intentional or criminal acts or omissions.

13.

Following the investigation by Allstate into the alleged collision described above, Allstate concluded that the vehicle driven by Kennith Donald did not accidentally strike a tree and that it is questionable whether the vehicle struck a tree at all.  If contact was made between the subject vehicle and the tree, Allstate determined that any resulting bodily injury was intended by or reasonably expected to result from the intentional acts or criminal acts of Kennith Donald.  For these reasons, Allstate denied that there is liability coverage for Kennith Donald for the claims asserted against him by Timothy Malone and John Richardson pursuant to the provisions of the Allstate policy quoted above.

14.

The Allstate policy further provides as follows:

**Assistance And Cooperation of The Insured**

An insured person must cooperate with **us** in the investigation, settlement and defense of any claim or lawsuit.  If **we** ask, that person must also help us obtain payment from anyone who may be jointly responsible.

15.

During its investigation of the claim, Kennith Donald failed and refused to cooperate with

and provide information to Allstate which was necessary to the investigation.  Kennith Donald

refused to answer questions and provide information which was relevant to Allstate's

investigation.  For these reasons, Allstate denied that there is liability coverage for Kennith

Donald for the claims asserted by Timothy Malone and John Richardson against him pursuant to

the provision of the Allstate policy quoted above.

16.

The Allstate policy further provides as follows:

**Fraud or Misrepresentation**

We do not cover any loss or occurrence in which any insured person has
concealed or misrepresented any material fact or circumstance.

17.

During its investigation into the claim, Kennith Donald concealed and misrepresented

material facts and circumstances.  For these reasons, Allstate denied that there is liability

coverage for Kennith Donald for the claims asserted by Timothy Malone and John Richardson

against him pursuant to the provision of the Allstate policy quoted above.

18.

The Allstate policy further provides as follows:

**Part 3 – Uninsured Motorists Insurance – Coverage SS**

**General Statement of Coverage**

If a premium is shown on the Policy Declarations for Uninsured Motorists Insurance, **we** will pay damages which an **insured person** is legally entitled to recover from the owner or operator of an uninsured auto because of:

1.      **bodily injury** sustained by an **insured person** . . . .

The bodily injury or property damage must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.

19.

If the Court determines that there is no liability coverage for Kennith Donald resulting from the claims asserted by Timothy Malone and John Richardson, the lack of liability coverage for Kennith Donald creates the possibility of an uninsured motorist claim by Timothy Malone and John Richardson against Allstate. Based upon its investigation into the claim, Allstate denied that there is coverage for any potential uninsured motorist claim of Timothy Malone and John Richardson because the injuries and damages of Timothy Malone and John Richardson, if any, were not caused by an accident.

20.

During the investigation of the claim, Timothy Malone and John Richardson failed to cooperate with and provide information to Allstate. For these reasons, it is questionable whether there is coverage for any uninsured motorist claim that Timothy Malone and John Richardson would assert based upon their breach of the provision quoted in paragraph 14, above.

21.

The Allstate policy provides as follows:

**Medical Reports**

**We** must be given authorization to obtain medical reports and other records pertinent to the claim.

22.

During the investigation of his claim, Allstate requested that John Richardson and Timothy Malone provide a medical authorization. John Richardson refused to provide the requested medical authorization. Timothy Malone refused to provide the requested medical authorization until December, 2015. For these reasons, it is questionable whether there is coverage for any uninsured motorist claim that Timothy Malone and John Richardson would assert based upon their breach of the provision quoted in paragraph 21, above.

23.

During the investigation of their claim, Allstate determined that Timothy Malone and John Richardson misrepresented material facts and circumstances. For these reasons, it is questionable whether there is coverage for any uninsured motorist claim that Timothy Malone and John Richardson would assert based upon their breach of the provision quoted in paragraph 16, above.

24.

The Allstate policy further provides as follows:

**What To Do If There Is A Loss**

2.    **We** may require any person making a claim to file with us a sworn proof of loss. **We** may also require that person to submit to examinations under oath, separately and apart from others, and to sign the transcript.

25.

During the investigation of the claim, Allstate requested that John Richardson and

Timothy Malone submit to examinations under oath. John Richardson refused to submit to an examination under oath. For these reasons, it questionable whether there is coverage for any uninsured motorist claim that John Richardson would assert based upon his breach of the provision quoted in paragraph 24, above.

26.

Allstate has offered to provide a defense to Kennith Donald in the Malone Lawsuit and the Richardson Lawsuit under a reservation of rights.

### IV. DECLARATORY RELIEF SOUGHT

27.

Allstate seeks a declaratory judgment by this Court that there is no liability coverage under the Allstate Policy for the claims of John Richardson and Timothy Malone against Kennith Donald arising out of the alleged collision described in the Malone Complaint and Richardson Complaint. Allstate further requests that the Court enter a declaratory judgment finding that Allstate has no duty to defend Kennith Donald in the Malone Lawsuit and the Richardson Lawsuit. Allstate also seeks a declaratory judgment by this Court that there is no uninsured motorist coverage under the Allstate Policy for any claims asserted by or which may be asserted by John Richardson and Timothy Malone. In the alternative, Allstate seeks a declaratory judgment as to the extent of coverage, if any, under the Allstate Policy for any and all past, present and future claims of Kennith Donald, Timothy Malone and John Richardson, arising out of the alleged collision described in the Malone Complaint and Richardson Complaint whether

said claims are presented in the Malone Lawsuit and the Richardson Lawsuit identified above or presented in other actions.  Allstate further requests, in the alternative, that this Court construe any and all other obligations it could have under the Allstate Policy with respect to the claims of Kennith Donald, Timothy Malone and John Richardson arising out of the alleged collision described in the Malone Complaint and Richardson Complaint.  Allstate further requests, in the alternative, that this Court enter a declaratory judgment regarding the obligation on the part of Allstate, if any, under the Allstate Policy to provide a defense to Kennith Donald in Malone Lawsuit and the Richardson Lawsuit. The relief requested herein is appropriate under Fed. R. Civ. P. 57 and 22 U.S.C. § 2201, et seq.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Allstate Property and Casualty Insurance Company, prays that this Court enter a declaratory judgment that there is no coverage under the Allstate Policy attached hereto as Exhibit "A" for the claims of Timothy Malone and John Richardson against Kennith Donald arising out of the alleged collision described in the Malone Complaint and Richardson Complaint, and further requests that the Court enter a declaratory judgment finding that Allstate has no duty to defend Kennith Donald in the litigation which is described in this Complaint.  Allstate Vehicle and Property Insurance Company further prays that this Court enter a declaratory judgment that there is no coverage under the Allstate Policy attached hereto as Exhibit "A" for any uninsured motorist claims of John Richardson and Timothy Malone arising out of the alleged collision described in the Malone Complaint and Richardson Complaint.  In the alternative, Allstate Vehicle and Property Insurance Company prays

that this Court enter a declaratory judgment finding what, if any, obligations it has under the Allstate Policy attached hereto as Exhibit "A" as a result of the alleged collision described in the Malone Complaint and Richardson Complaint, including but not limited to its obligations and/or duties, if any, relating to coverage for the claims described herein and in the Malone Lawsuit and Richardson Lawsuit, identified above, and its obligations and/or duties, if any, to provide a defense to Kennith Donald in the Malone Lawsuit and Richardson Lawsuit.  Allstate Vehicle and Property Insurance Company prays for any other relief which this Court deems appropriate in the premises, whether general or specific, equitable or legal.

Respectfully submitted,

**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**

BY: WILKINS PATTERSON, P.A.

BY:_____
ROBERT R. STEPHENSON (MSB No: 10772)

Wilkins Patterson Smith Pumphrey & Doty, P.A.
4735 Old Canton Road (39211)
Post Office Box 13429
Jackson, Mississippi 39236-3429
Phone: (601) 366-4343
Fax: (601) 981-7608
Email: bstephenson@wilkinspatterson.com

*Attorneys for Plaintiff*